**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANKIE KAREN WASHINGTON, | No. 09-55287 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-05921-GHK-PLA |
| v. | |
| CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Frankie Karen Washington, a California state prisoner, appeals pro se from

the district court's summary judgment and judgment, following a jury trial in her

42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's grant of summary judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment for defendant Wren because Washington failed to raise a genuine dispute of material fact as to whether Wren had reason to know that a constitutional violation was being committed and was physically capable of preventing the alleged violation. *See Ting v. U.S.*, 927 F. 2d 1504, 1511-12 (9th Cir. 1991); *see also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.").

The district court properly granted summary judgment for defendant City of Los Angeles because Washington failed to raise a genuine dispute of material fact as to whether the Los Angeles Police Department's use-of-force policy was the moving force behind the police officer's alleged use of excessive force. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978) (local government may be liable under § 1983 when official policy is "the moving force of the constitutional violation").

We do not consider Washington's claims of error at trial, or that Officer Washington lacked probable cause to stop her or used excessive force against her, because Washington did not include a trial transcript in the record on appeal as

required by Federal Rule of Appellate Procedure 10(b)(2), or explain her failure to do so. *See* 9th Cir. R. 10-3.1(d) & (e); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per curiam) (dismissing appeal of pro se appellant for failure to provide a trial transcript).

Washington's remaining contentions, including those concerning her Seventh Amendment right to a jury trial, are unpersuasive. *See Johnson v. Neilson (In re Slatkin)*, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial.").

Washington's "Motion for Leave to File Evidence of Incompetence to Stand Trial Outside of the Record" is denied.

**AFFIRMED.**